UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JONATHAN W. STEPHENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-cv-01386 |
| ) | Judge Trauger |
| DEBBIE INGLIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Jonathan Stephenson is a death row inmate at the Riverbend Maximum Security Institution in Nashville. He has filed *pro se* a prisoner complaint (Doc. No. 1) under 42 U.S.C. § 1983 and an application (Doc. No. 2) to proceed in forma pauperis.

It appears from the application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Therefore, the application is **GRANTED**. The Clerk will file the complaint in forma pauperis. 28 U.S.C. § 1915(a). However, process shall **NOT** issue at this time.

The plaintiff is hereby **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

1

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff brings this action against Debbie Inglis, General Counsel for the Tennessee Department of Correction; Andrew Brown, an Internal Affairs Officer at Riverbend; Kevin O'Neal, an electronics technician at Riverbend[1]; and Cpl. Brandi McClure, the Grievance Chairperson at Riverbend; seeking declaratory, injunctive and monetary relief.

In September, 2014, the plaintiff initiated a habeas corpus action in the Eastern District of Tennessee in an attempt to obtain a stay of execution. <u>Jonathan Stephenson v. Bruce Westbrooks, Warden</u>, No. 3:14-cv-0414 (E.D. Tenn.)(Reeves, Pamela, J., presiding).[2] During the course of this litigation, the court entered an order directing the respondent "to permit Petitioner to possess and use a computer with the appropriate word processing and printing capabilities, as well as storage devices, for the purpose of communicating with and assisting his counsel in his federal habeas proceedings." *Id* at Doc. No. 17.

On April 17, 2017, plaintiff's lap top computer authorized by this court order "crashed." Doc. No. 1 at 2. It was sent to MIS for a "reboot". *Id.* The lap top, however, has not been returned to the plaintiff. When MIS discovered two unauthorized programs on the lap top, it was given to Officer

---

[1] The plaintiff identifies O'Neal's position simply as MIS. Doc. No. 1 at 2. Later, he states that MIS is "I.T. for the T.D.O.C." *Id* at 11.

[2] Per PACER, this case currently remains open.

Brown for further investigation.[3] *Id* at 3. The plaintiff was told that the lap top "was being held by Downtown." *Id* at 12.

On July 3, 2017, the plaintiff filed a grievance in an effort to have the lap top returned to him. *Id* at 21. In response to the grievance, Ms. Inglis submitted the following statement : "MIS found a number of unauthorized items on the lap top. These items have been discussed with Mr. Stephenson's attorney and we are now awaiting a response from him with any explanation. The lap top will be held pending a resolution." *Id* at 23. A hearing was held to address the grievance where the plaintiff was informed that he "would have to go back to court in order to get the computer back." *Id* at 13.

The plaintiff alleges that the lap top was taken in violation of his right to due process. *Id* at 4. He claims that, for no apparent reason, the defendants "decided to disobey a valid Federal Court Order." *Id.* The plaintiff states that the failure to return the lap top caused him to miss a court deadline and that the defendants "have acted in concert with one another to deliberately, knowingly, intentionally, maliciously, spitefully and in a cruel manner to deprive the Plaintiff of his ability to fight his Capitol [sic] Case and redress issues to a Federal Court." *Id* at 4-5.

Venue for the instant case is governed by 28 U.S.C. § 1391(b). That provision requires that this action be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

---

[3] The unauthorized programs have been identified as Microsoft Word 97 and Ccleaner. Doc. No. 1 at 12-13.

The defendants to the instant action reside in this judicial district. However, the plaintiff's claim alleges that they violated an outstanding court order that was entered by the District Court for the Eastern District of Tennessee in a case that remains open there. The plaintiff has no independent legal right to possess a lap top computer in prison. <u>White-Bey v. Griggs</u>, 2002 WL 1787976 at 2 (6th Cir. Aug. 1, 2002)(plaintiff's grievances about being required to use a typewriter rather than a computer were frivolous); *see also* <u>Lehn v. Hartwig</u>, 2001 WL 741717 at 2 (7th Cir. June 27, 2001)("If prisoners have no right to a typewriter, they certainly do not have one to a computer"); <u>Nicholas v. Mantello</u>, 1996 WL 671276 at 1 (2d Cir. Oct. 20, 1996)(constitutional right of access to the courts does not include the right to use computers). And this Court is not required to enforce the order of another court. <u>Brandeberg v. Watson</u>, 2011 WL 609796 at 1 (S.D. Ohio Feb. 10, 2011)(" .... and even if this Court should enforce the orders of another court, which it should not ....").

Accordingly, the Clerk is directed to **TRANSFER** this case to the United States District Court for the Eastern District of Tennessee, Northern Division at Knoxville, Tennessee. 28 U.S.C. § 1404(a).

The Clerk is further instructed to forward a copy of this Order to the Warden of the Riverbend Maximum Security Institution to ensure that the custodian of inmate accounts complies with the requirements of the Prison Litigation Reform Act.

It is so **ORDERED**.

ENTER this 15th day of November 2017.

_____
Aleta A. Trauger
United States District Judge